MICHAEL FAILLACE & ASSOCIATES, P.C.
60 EAST 42ND STREET, SUITE 4510
NEW YORK, NEW YORK 10165
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

------------------------------------------------------------X
AUGUSTO MORALES LOPEZ, *individually and on behalf of others similarly situated,*

                *Plaintiff*,

-against-

N J KNOW KNOW, INC (D/B/A KNOW KNOWN), JUNG KIM (A.K.A. JOSEPH), JOON DOE, and TOMMY LEE,

                *Defendants*.
------------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION**
**UNDER 29 U.S.C. § 216(b)**

**ECF Case**

      Plaintiff Augusto Morales Lopez (hereinafter "Plaintiff Morales"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., upon his knowledge and belief, and as against Defendants N J Know Know, Inc (d/b/a Know Known) (as "Defendant Corporation"), and Jung Kim (a.k.a. Joseph), Joon Doe, and Tommy Lee (as "Individual Defendants") (collectively "Defendants"), alleges as follows:

## NATURE OF THE ACTION

      1.    Plaintiff Morales is an employee of Defendants N J Know Know, Inc. (d/b/a Know Known), Jung Kim (a.k.a. Joseph), Joon Doe, and Tommy Lee.

      2.    Defendants own, operate and control a women's clothing store located at 5812 Bergenline Ave, West New York, NJ 07093 under the name "Know Known."

      3.    Upon information and belief, individual Defendants Jung Kim (a.k.a. Joseph), Joon Doe, and Tommy Lee, serve or served as owners, managers, principals or agents of

Defendant Corporation, and upon information and belief, through this corporate entity operate or operated the women's clothing store as a joint or unified enterprise.

4. Plaintiff Morales primarily has been employed as a cleaner, porter and security guard.

5. Plaintiff Morales has worked for Defendants in excess of 40 hours per week, without appropriate overtime compensation for the hours per week that he has worked.

6. Rather, Defendants have failed to maintain accurate recordkeeping of his hours worked, and have failed to pay Plaintiff Morales appropriately for any hours worked, either at the straight rate of pay, or for any additional overtime premium.

7. At all times relevant to his complaint, Defendants maintained a policy and practice of requiring Plaintiff Morales to work in excess of forty (40) hours per week without paying him overtime compensation required by federal and state laws.

8. Plaintiff Morales now brings his action on behalf of himself, and other similarly situated individuals, to recover unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.* ("FLSA").

9. Plaintiff Morales seeks certification of his action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA) and 28 U.S.C. § 1331 (Federal Question).

11. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in the State of New

Jersey within this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a women's clothing store located in this district. Further, Plaintiff Morales has been employed by Defendants in this district.

## THE PARTIES

*Plaintiff Augusto Morales*

12. Plaintiff Augusto Morales Lopez ("Plaintiff Morales" or "Mr. Morales") is an adult individual residing in Hudson County, New Jersey. Plaintiff Morales has been employed by Defendants from approximately March 1, 2010 until the present date.

13. Plaintiff Morales consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

14. Defendants own, operate and control a women's clothing store located at 5812 Bergenline Ave, West New York, NJ 07093 under the name "Know Known" at all times relevant to this complaint.

15. Defendant N J Know Know, Inc. is a corporation organized and existing under the laws of the State of New Jersey. Upon information and belief, it maintains an office located at 5812 Bergenline Ave, West New York, NJ 07093 and its business address at 522 Chestnut Street, Union NJ 07083.

16. Defendant Jung Kim (a.k.a. Joseph) is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Jung Kim (a.k.a. Joseph) is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporation. Defendant Jung Kim (a.k.a. Joseph) possesses or possessed operational control over

Defendant Corporation, an ownership interest in Defendant Corporation, or controlled significant functions of Defendant Corporation. Defendant Jung Kim (a.k.a. Joseph) determined the wages and compensation of the employees of Defendants, including Plaintiff Morales, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

17. Defendant Joon Doe is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Joon Doe is sued individually in her capacity as an owner, officer and/or agent of Defendant Corporation. Defendant Joon Doe possesses or possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controlled significant functions of Defendant Corporation. Defendant Joon Doe determined the wages and compensation of the employees of Defendants, including Plaintiff Morales, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

18. Defendant Tommy Lee is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Tommy Lee is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporation. Defendant Tommy Lee possesses or possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controlled significant functions of Defendant Corporation. Defendant Tommy Lee determined the wages and compensation of the employees of Defendants, including Plaintiff Morales, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

19.     Defendants operate a women's clothing store at 5812 Bergenline Ave, West New York, NJ 07093 under the name Know Known.

20.     Defendants maintain as their principal place of business a centralized office at 5812 Bergenline Ave, West New York, NJ 07093.

21.     Individual Defendants Jung Kim (a.k.a. Joseph), Joon Doe, and Tommy Lee possess operational control over Defendant Corporation, possess an ownership interest in Defendant Corporation, and control significant functions of Defendant Corporation.

22.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

23.     Defendants possess substantial control over Plaintiff Morales's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Morales, and all similarly situated individuals, referred to herein.

24.     Therefore, for the above and other reasons, Defendants jointly employed Plaintiff Morales, and all similarly situated individuals, and are Plaintiff Morales's (and all similarly situated individuals') employers within the meaning of 29 U.S.C. §§ 201 *et seq.*

25.     In the alternative, Defendants constitute a single employer of Plaintiff Morales and/or similarly situated individuals.

26.     Upon information and belief, Individual Defendants Jung Kim (a.k.a. Joseph), Joon Doe, and Tommy Lee operate Defendant Corporation as an alter ego of themselves, and/or

fail to operate this corporation as an entity legally separate and apart from themselves, by, amongst other things,

(a) failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a corporation;

(b) defectively forming or maintaining the corporate entity by amongst other things failing to hold annual meetings or maintaining appropriate corporate records;

(c) transferring assets and debts freely as between all Defendants;

(d) operating Defendant Corporation for their own benefit as the sole or majority shareholders,

(e) operating Defendant Corporation for their own benefit and maintaining control over it as a closed corporation;

(f) intermingling assets and debts of their own with those of Defendant Corporation;

(g) diminishing and/or transferring assets to avoid full liability as necessary to protect their own interests; and

(h) other actions evincing a failure to adhere to the corporate form, thereby allowing for a breach of the corporate veil.

27.     At all relevant times, Defendants were Plaintiff Morales's employers within the meaning of the FLSA. Defendants had the power to hire and fire Plaintiff Morales, controlled the terms and conditions of his employment, and determined the rate and method of any compensation in exchange for Plaintiff Morales's services.

28.     In each year from 2014 to 2017, Defendants had gross annual sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

- 7 -

29. Furthermore, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. For example, the clothes that were sold in the women's clothing store on a daily basis were produced outside of the State of New Jersey.

*Individual Plaintiff*

30. Plaintiff Morales is an employee of Defendants, who has been employed as a cleaner, porter and security guard.

*Plaintiff Augusto Morales Lopez*

31. Plaintiff Morales has been employed by Defendants from approximately March 1, 2010 until the present date.

32. Plaintiff Morales has worked at the Know Known location throughout his employment with Defendants.

33. At all relevant times, Plaintiff Morales's duties have included those outlined above.

34. Plaintiff Morales's work duties have required neither discretion nor independent judgment.

35. In the performance of his work duties, Plaintiff Morales has handled goods that travel in interstate commerce every day, including but not limited to the clothes and other such goods regularly used at a women's clothing store.

36. Throughout his employment with Defendants, Plaintiff Morales regularly has worked in excess of 40 hours per week.

37. From approximately November 2014 until on or about September 2017, Plaintiff Morales worked from approximately 10:00 a.m. until on or about 8:00 p.m. Mondays,

Wednesdays, Thursdays, Fridays and Saturdays and from approximately 11:00 a.m. until on or about 7:00 p.m. on Sundays (typically 58 hours per week).

38. From approximately September 2017 until the present date, Plaintiff Morales has worked from approximately 10:00 a.m. until on or about 8:00 p.m. Mondays, Thursdays, Fridays and Saturdays and from approximately 11:00 a.m. until on or about 7:00 p.m. on Sundays (typically 48 hours per week)

39. Throughout his employment with Defendants, Plaintiff Morales has been paid his wages in cash.

40. From approximately November 2014 until on or about December 2014, Defendants paid Plaintiff Morales $8.25 per regular and overtime hour worked.

41. From approximately January 2015 until on or about December 2016, Defendants paid Plaintiff Morales $8.38 per regular and overtime hour worked.

42. From approximately January 2017 until the present date, Defendants have paid Plaintiff Morales $8.44 per regular and overtime hour worked.

43. Defendants have never granted Plaintiff Morales a break of any kind.

44. Defendants have not provided Plaintiff Morales with any document or other statement that accurately accounts for Plaintiff Morales's actual hours worked, and set forth by day any deductions or credits taken against his wages.

*Defendants' General Employment Practices*

45. Defendants regularly have required Plaintiff Morales to work in excess of forty (40) hours per week without paying him the proper regular rate of overtime wages.

46. Defendants' pay practices have resulted in Plaintiff Morales (and all similarly situated individuals) not receiving correct payment for all of their hours worked.

47. Plaintiff Morales has been paid his wages entirely in cash.

48. Upon information and belief, this has been done to disguise the actual number of hours Plaintiff Morales has worked, and to avoid paying Plaintiff Morales properly for (1) his full hours worked, and (2) for overtime due.

49. Defendants have failed to provide Plaintiff Morales with any document or other statement that accurately accounts for Plaintiff Morales's actual hours worked, and set forth by day any deductions or credits taken against his wages.

50. Defendants have failed to post at the workplace, or otherwise provide to Plaintiff Morales and other employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA.

## FLSA COLLECTIVE ACTION CLAIMS

51. Plaintiff Morales brings his FLSA overtime and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period"), as employees of Defendants (the "FLSA Class").

52. At all relevant times, Plaintiff Morales, and other members of the FLSA Class who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them at a one and one-half their regular rates for work in excess of forty (40) hours per workweek.

53. The claims of Plaintiff Morales stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

54. Plaintiff Morales repeats and realleges all paragraphs above as though fully set forth herein.

55. Defendants intentionally, or otherwise in violation of the FLSA, have failed to pay Plaintiff Morales (and the putative FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207(a)(1).

56. Defendants' failure to pay Plaintiff Morales and the putative FLSA Class members overtime compensation is willful within the meaning of 29 U.S.C. § 255(a).

57. Plaintiff Morales has been damaged in an amount to be determined at trial.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Morales respectfully requests that this Court enter judgment against Defendants:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiffs in the FLSA claims in this action;

(b) Declaring that Defendants have violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Morales (including the prospective collective class members);

(c) Declaring that Defendants have violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Morales's (and the

prospective collective class members') compensation, hours, wages, and any deductions or credits taken against wages;

(d) Declaring that Defendants' violation of the provisions of the FLSA have been willful as to Plaintiff Morales (including the prospective collective class members);

(e) Awarding Plaintiff Morales (including the prospective collective class members) damages for the amount of overtime wages and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f) Awarding Plaintiff Morales (including the prospective collective class members) liquidated damages in an amount equal to 100% of their damages for the amount of unpaid overtime wages and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g) Awarding Plaintiff Morales (including the prospective collective class members) pre-judgment and post-judgment interest as applicable;

(h) Awarding Plaintiff Morales (including the prospective collective class members) the expenses incurred in this action, including costs and attorneys' fees; and

(i) All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Morales demands a trial by jury on all issues triable by a jury.

Dated: New York, New York
      November 20, 2017               MICHAEL FAILLACE & ASSOCIATES, P.C.

                                                /s/ Sara J. Isaacson
                                                Sara J. Isaacson, Esq. (SI 8937)
                                                60 East 42nd Street, Suite 4510
                                                New York, New York 10165
                                                Phone: 212-317-1200
                                                Fax:    212-317-1620
                                                E-mail: sisaacson@faillacelaw.com

# MICHAEL FAILLACE & ASSOCIATES, P.C.

Employment and Litigation Attorneys

One Grand Central Place
60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620
Email: Faillace@employmentcompliance.com

November 15, 2017

BY HAND

To: Clerk of Court,

    I hereby consent to join this lawsuit as a party plaintiff. (Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes).

Name / Nombre:                    Augusto Morales Lopez

Legal Representative / Abogado:   Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                     November 15, 2017